UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                                    :
BEVERLY BARTOS,                       :        CASE NO. 1:06-CV-3082
                                                    :
                      Plaintiff,            :
                                                    :
vs.                                             :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 8]
REVENUE GROUP,                        :
                                                    :
                      Defendant.         :
                                                    :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        With this Opinion and Order, the Court decides whether to grant Defendant Revenue

Group's motion for leave to file an answer instanter within the context of the Federal Rules'

"excusable neglect" standard.  The Court also decides whether to grant Plaintiff Beverly Bartos's

("Bartos") motion for default judgment where Defendant admits to all of Plaintiff's factual

allegations and provides an affirmative defense unfounded on any independent factual basis or legal

argument.

        For the reasons presented below, the Court **DENIES** Defendant's motion for leave to file an

answer instanter.  Further, the Court **GRANTS** Plaintiff's motion for default judgment.

I.  Background

        On September 6, 2006, Bartos received a debt collection letter from Revenue Group that

demanded her to pay $1,306.00 allegedly owed by her to University Hospitals. [Docs. 3, 6.]  Bartos

refused the Revenue Group's demand and retained, as counsel, Michael D. Silver of the UAW-Ford

-1-

Case No. 1:06-CV-3082
Gwin, J.

Legal Services Plan ("Silver"). [Doc. 6.]

On September 15, 2006, Attorney Silver wrote to Defendant Revenue Group and requested that it: "1. Cease all further communications with [Bartos], and 2. Provide [Silver] with verification of the purported debt, and 3. Provide [Silver] with the name and address of the original creditor, if different from the current creditor." [Doc. 1-4.]  On September 18, 2006, Defendant received Silver's notice to "cease and desist" contact with Bartos. [Doc. 8-2.] Nevertheless, on October 31, 2006, Defendant sent another dunning letter directly to Bartos in a second effort to collect the alleged debt. [Doc. 1.]

On December 26, 2006, Bartos filed a complaint that says Revenue Group violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (2006). [Doc. 1.]  Specifically, Bartos complains that Revenue Group violated the Act by "[f]ailing to cease communication as required after notice from the Plaintiff" and "[c]ommunicating with the Plaintiff, knowing that the Plaintiff was represented by an attorney." *Id.*  Bartos requests that the Court enter judgment as against Revenue Group for statutory damages, including attorneys' fees and costs.  *Id.*

Also on December 26, 2006, the Clerk of Court for the Northern District of Ohio summoned Defendant Revenue Group to serve upon Attorney Silver "an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service." [Doc. 3.]  The Clerk instructed Revenue Group that, "[i]f you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service." *Id.*  On January 4, 2007, Bartos executed return of service upon Revenue Group by certified mail. *Id.* Revenue Group acknowledges that it received service of Bartos's complaint on January 4, 2007.

-2-

Case No. 1:06-CV-3082
Gwin, J.

[Doc. 8.]

Despite receiving Bartos's complaint and the Clerk's summons, Defendant neither served an answer on Attorney Silver, nor filed an answer with the Clerk.

On February 21, 2007, almost two months after perfecting service of her complaint on Revenue Group, Bartos filed a notice and motion for default judgment. [Doc. 6.]  The Clerk entered default against Revenue Group.  *See* ECF Docket Entry (Feb. 21, 2007).  In her proposed order for default judgment, Bartos requests that the Court find that Revenue Group "has been served according to process, and that Defendant has failed to plead, appear or otherwise defend in this action." [Doc. 6.]  Bartos requests that the Court find Revenue Group "violated the provisions of the Fair Debt Collection Practices Act . . . and that Plaintiff is entitled to statutory damages in the amount of $1,000.00, plus costs and reasonable attorneys' fees, pursuant to 15 USC 1692."  *Id.*  Finally, Bartos requests that the Court "award judgment against Defendant in the amount of $1,000.00, plus court costs in the amount of $350.00, and attorneys' fees in the amount of $225.00, plus interest thereon from the date of judgment at the statutory rate."  *Id.*  Bartos's motion includes an accounting of Attorney Silver's activities and hours on this matter, as well as supporting affidavits from Bartos and Silver.  *Id.*

On March 2, 2007, Defendant filed its motion for leave to file an answer out of time. [Doc. 8.]  The entirety of Defendant's argument in support of its motion reads as follows:

> Plaintiff filed the complaint in this matter on or about December 26, 2006.  The document was served upon defendant approximately January 4, 2006 [sic].  The document was inadvertently not processed through the law office for action.  Defendant is less than 30 days overdue with its Answer and there has been no intention to delay.

*Id.*

-3-

Case No. 1:06-CV-3082
Gwin, J.

Defendant Revenue Group then simply cites to Rule 6(b) of the Federal Rules of Civil

Procedure and concludes that: "The defendant should be granted leave to file its Answer Instanter

herein." *Id.*

In its proposed answer instanter, Revenue Group admits to all of Bartos's factual allegations.

[Doc. 8-2.]  However, Revenue Group denies that it violated the Act by "failing to cease

communication" with Bartos after receiving notice of her representation by Attorney Silver.  *Id.*

Under a heading styled "Affirmative Defenses," Revenue Group says that "it complied, in good faith

with the request for verification by directing the verifying documents to debtor in the absence of a

release to produce the documents to others."  *Id.*  Revenue Group does not provide context or

grounds for this attempted defense.  *Id.*  In apparent support of its position, Revenue Group

references "attached letter dated 10/31/06," which does not appear on the docket.  *Id.*  Defendant

does not provide any legal argument to for its motion or proposed answer instanter and does not

indicate whether or when it executed service upon Attorney Silver.  *Id.*

## II.  Legal Standard

Rule 6b of the Federal Rules of Civil Procedure provides, in pertinent part, that

> When by these rules or by a notice given thereunder . . . an act is required or allowed
> to be done at or within a specified time, the court for cause shown may at any time
> in its discretion . . . upon motion made after the expiration of the specified period
> permit the act to be done where the failure of the act was the result of excusable
> neglect . . .

FED. R. CIV. P. 6(b).

The legal standard for determining "excusable neglect" requires a court to balance five

factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its

potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was

Case No. 1:06-CV-3082
Gwin, J.

within the reasonable control of the moving party; and, (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (Gilman, J.); *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999). The Sixth Circuit applies the *Pioneer* standard to determine whether a district court has abused its discretion in denying late-filed motions, including denials that terminate the entirety of the litigation. *See, e.g.*, *Nafziger*, 467 F.3d at 524.

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[u]nless a different time is prescribed in a statute of the United States, a defendant shall serve an answer . . . within 20 days after being served with the summons and complaint . . . " FED. R. CIV. P. 12(a)(1)(A). The Federal Rules also set forth the method of computing a defendant's answer deadline. *See* FED. R. CIV. P. 6(a), (e).

Congress enacted the Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The Act prohibits a debt collector's direct communication with an alleged debtor "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .." 15 U.S.C. § 1692c(a)(2). "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except under limited circumstances. 15 U.S.C. § 1692c(c). A single violation of the Act establishes civil liability. *See*

Case No. 1:06-CV-3082
Gwin, J.

15 U.S.C. § 1692k; *Herbert v. Monterey Fin. Servs., Inc.*, 863 F. Supp. 76, 80 (D. Conn. 1994).

### III.  Analysis

While the Federal Rules of Civil Procedure allow the Court to excuse Revenue Group's neglect in filing its answer to Bartos's complaint, the Court declines to do so.  First, Defendant does not meet the Federal Rules' pleading requirements.  Second, balancing the *Pioneer* factors favors Plaintiff Bartos.  Third, in its motion for leave to file its answer out of time and proposed answer instanter, Defendant Revenue Group neither alleges any facts, nor propounds any legal argument, that persuade the Court to excuse Defendant's neglect in attempting to untimely file its answer.

Rules 6 and 12 of the Federal Rules of Civil Procedure provide the mechanism by which the Court invokes and exercises its discretion to determine whether Revenue Group acted with "excusable neglect:" (i) Defendant's post-deadline instanter request must be "upon motion made;" (ii) any extension of time to Revenue Group must be "for cause shown;" and, (iii) Revenue Group must demonstrate that its greater than four-week delay "was the result of excusable neglect."

Revenue Group moved the Court for leave to file its answer instanter on March 2, 2007, well-past the January 27, 2007 deadline imposed by the Federal Rules and the Clerk of the Court. Thus, Defendant filed both "post-deadline" and "upon a motion made." This represents Revenue Group's singular compliance with the Federal Rules.

Defendant does not show cause or "excusable neglect" for its late filing.  Defendant says that it received Bartos's complaint on "approximately January 4, 2006" [sic] and the "document was inadvertently not processed through the law office for action." Revenue Group's statement shows no cause for the delay. Inadvertent non-"process" does not qualify as "cause," although it definitely implicates "neglect." Defendant's excuse fails the Federal Rules' pleading requirements.

Case No. 1:06-CV-3082
Gwin, J.

The *Pioneer* factors support this outcome.  First, if the Court granted Revenue Group's

motion, Bartos would experience prejudice.  *See Pioneer*, 507 U.S. at 395.  Since September 2006,

Bartos has actively prosecuted her complaint against Revenue Group.  Bartos has timely-filed

substantive pleadings and requests for judgment.  Bartos's prayer for relief follows the statutory

guidelines.  Bartos's pleadings include an accounting of Attorney Silver's activities and hours, the

sworn affidavits of Bartos and Silver, and proof of service on Revenue Group.  On the strength of

Plaintiff's prosecution and Defendant's failure to defend, the Clerk of Court entered default for

Bartos on February 21, 2007.  Thus, Bartos followed procedural and substantive requirements to

establish a valid, timely claim as against Revenue Group.

Second, Revenue Group moves to file its late answer more than four weeks past the twenty-

day deadline.  This represents a lengthy delay, that negatively impacts the judicial proceedings,

particularly given the content and quality of Revenue Group's proposed answer.  *See Pioneer*, 507

U.S. 395.  The company admits to all of Bartos's factual allegations, including the fact that it

undertook prohibited communication with Bartos after receiving Attorney Silver's "cease and

desist" letter.  This single violation of the Fair Debt Collection Practices Act establishes civil

liability in the amount requested by Bartos.  Revenue Group does not provide a sustaining defense

for its impermissible action.  Consequently, granting Defendant's motion would negatively impact

judicial proceedings because the company propounds an unpersuasive answer.      Third, Revenue

Group does not provide adequate reason for its delay.  *See Pioneer*, 507 U.S. at 395.  Even if

Revenue Group provided greater specificity as to how or why Bartos's complaint "was inadvertently

not processed through the law office for action," this does not represent an acceptable reason for

Defendant's lack of timely answer.

-7-

Case No. 1:06-CV-3082
Gwin, J.

In *Pioneer*, the Supreme Court explicitly rejected a similar argument and found that clients must "be held accountable for the acts and omissions of their chosen counsel." 507 U.S. at 396-97. The Sixth Circuit notes that

> the *Pioneer* Court reaffirmed what amounts to an agency- and choice-based rule of imputation . . . Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Nafziger*, 467 F.3d at 524 (internal citation and quotation omitted).

Thus, the law imputes the inadvertence of Defendant's "freely selected" attorneys to the reasonable control of Revenue Group. Accordingly, Defendant does not demonstrate "excusable neglect," even though the neglect was due solely to the neglect of its lawyers. This moots Defendant's bald assertion that its late filing did not result from its "intention to delay."

Considering all of the relevant circumstances in this action, "a fair-minded judge could easily find that the carelessness of [Revenue Group's] attorneys in allowing the [20]-day period to run was inexcusable." *See Allen*, 194 F.3d at 724. Based on the parties' pleadings, the requirements of the Federal Rules of Civil procedure, and the balance of the *Pioneer* equities, the Court refuses Revenue Group's motion to file an answer instanter due to "excusable neglect."

## IV. Conclusion

For these reasons, the Court **DENIES** Defendant's motion. Further, the Court **GRANTS**

Case No. 1:06-CV-3082
Gwin, J.

Plaintiff's motion for default judgment.

      IT IS SO ORDERED.


Dated: March 21, 2007                  s/        *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE